IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEONA FAREN,                                    )
                                                )
                    Plaintiff,                  )
                                                )
        v.                                      )
                                                )    C.A. NO. 1:23-CV-01270-MJM
ZENIMAX ONLINE STUDIOS, LLC, AND                )
AP BENEFIT ADVISORS, LLC,                       )
                                                )
                    Defendants.                 )

## DEFENDANT AP BENEFIT ADVISORS, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant AP Benefit Advisors, LLC ("Defendant AP"), by undersigned counsel, hereby answers and responds to the allegations of the Amended Complaint filed by Plaintiff Leona Faren ("Plaintiff") as follows:

## NATURE OF THE ACTION

1.      This is a claim by a former employee against her former employer and its plan administrator for their failure to provide continuation coverage in violation of the Employee Retirement Income Security Act of 1974 (ERISA). Specifically, Plaintiff alleges that Defendants unlawfully interfered with her right to continuation coverage in violation of ERISA, 29 U.S.C. § 1140 and 29 U.S.C. § 1161(a). Plaintiff seeks appropriate equitable relief pursuant to 29 U.S.C. §1132(a)(3).

**1.      Defendant AP denies the allegations of Paragraph 1 of the Amended Complaint.**

## PARTIES

2.      Plaintiff Leona Faren currently resides in Reston, Virginia. She previously resided in Timonium, Maryland during her employment with Defendant ZOS.

**2.** **Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint; and, therefore those allegations are denied.**

3. Defendant ZOS is a Delaware limited liability company with its principal place of business located in Hunt Valley, Maryland. ZOS employs over twenty employees and transacts business in Maryland. ZOS is a wholly owned subsidiary of ZeniMax Media, Inc. ("ZMI")

**3.** **Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint; and, therefore those allegations are denied.**

4. Defendant AP is a Maryland limited liability company with its principal place of business located in Lake Mary, Florida. AP is wholly owned by AssuredPartners Capital, Inc., which is a Delaware corporation with the same principal place of business as AP. AP is doing business in the state of Maryland as a plan administrator and an insurance broker offering insurance products and related services.

**4.** **Defendant AP admits that it is a Maryland limited liability company that is wholly owned by AssuredPartners Capital, Inc., which is a Delaware corporation with a principal place of business in Lake Mary, Florida; and that it is doing business in the state of Maryland as an insurance broker offering insurance products and related services. Defendant AP denies the remaining allegations of Paragraph 4 of the Amended Complaint; and specifically denies that it is a plan administrator.**

5. ZMI, the parent company of ZOS, sponsors a group healthcare plan that provides health benefits to its and ZOS's employees, former employees, and families of former employees. AP serves as the third-party administrator for the plan.

**5.**     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations concerning ZeniMax Media, Inc. in Paragraph 5 of the Amended Complaint; and specifically denies that Defendant AP serves as the third-party administrator for ZeniMax's group healthcare plan.

6.     At all relevant times to this Amended Complaint, the group healthcare plan constituted a "welfare plan" as defined by 29 U.S.C. § 1002(1), and Plaintiff is a "participant" as defined by 29 U.S.C. § 1002(7) by reason of her participation in the group healthcare plan.

**6.**     Paragraph 6 of the Amended Complaint is a legal conclusion to which no response is necessary, but to the extent a response is required, Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint; and, therefore those allegations are denied.

## JURISDICTION AND VENUE

7.     This action arises under ERISA, therefore this Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1132(f). Additionally, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over actions that arise under the laws of the United States.

**7.**     Paragraph 7 of the Amended Complaint is a legal conclusion to which no response is necessary but to the extent a response is required, Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint; and, therefore those allegations are denied.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and 29 U.S.C. § 1132(e)(2). Alternatively, venue is proper in this district because a substantial part of the events or omissions giving rise to the claims occurred in Maryland.

**8.** Paragraph 8 of the Amended Complaint is a legal conclusion to which no response is necessary but to the extent a response is required, Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint; and, therefore those allegations are denied.

## STATEMENT OF THE FACTS

### The Parties' Contractual Agreement

9. In 2018, Ms. Faren began her employment as a Media Artist with ZOS, a division of ZMI, in Hunt Valley, Maryland.

**9.** Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint; and, therefore those allegations are denied.

10. Ms. Faren is a transgender woman. Although assigned male at birth, Ms. Faren is female.

**10.** Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint; and, therefore those allegations are denied.

11. When her supervisor outed her as transgender, Ms. Faren was forced to come out in January 2021.

**11.** Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint; and, therefore those allegations are denied.

12. Subsequently, her supervisor and a group of other employees subjected Ms. Faren to harassment based on her gender identity and expression. They disrespected her privacy by

publicly sharing her medical information, excluded her from projects, refused to update her credentials, and used her old name ("deadnaming").

**12. Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint; and, therefore those allegations are denied.**

13. Ms. Faren reported the issues to Human Resources ("HR") in April, 2021, after enduring such discriminatory harassment daily for approximately four months.

**13. Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint; and, therefore those allegations are denied.**

14. In January 2022, ZOS approached Ms. Faren with a Severance Agreement ("Agreement") which included coverage of her health insurance pursuant to consolidated Omnibus Budget Reconciliation Act ("COBRA").

**14. Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint; and, therefore those allegations are denied.**

15. However, the Agreement was also presented with a performance improvement plan ("PIP"), advising that the Agreement was a one-time offer.

**15. Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint; and, therefore those allegations are denied.**

16.     Aware that continuation coverage would help her pay for medical expenses that she needed, including transition-related care, ZOS offered Ms. Faren the Agreement under the condition that she would not bring a lawsuit.

**16.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint; and, therefore those allegations are denied.**

17.     After months of pressure from the PIP, Ms. Faren executed the Agreement on May 13, 2022 while she was still physically recovering from major surgery. Her decision was driven by her concern that she would not be able to have her follow-up treatments covered without the employer-subsidized health insurance.

**17.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint; and, therefore those allegations are denied.**

18.     Continuation coverage under the Agreement included medical, dental, and vision benefits. It provided eighteen months of continuation coverage under COBRA, starting June 1, 2022, and ending November 30, 2023.

**18.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint; and, therefore those allegations are denied.**

19.     Additionally, the Agreement provided that the employee portion of Ms. Faren's COBRA premium would be paid by ZMI as a subsidy, starting June 1, 2022, and ending September 30, 2022. AP is the third-party administrator for ZMI's group healthcare plan.

19.     Defendant AP denies that it is the third-party administrator for Defendant **ZMI's group healthcare plan.  Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Amended Complaint; and, therefore those allegations are denied.**

20.     While employed at ZOS, Ms. Faren's medical benefits were provided by CareFirst Blue Cross Blue Shield ("CareFirst" or "BCBS").

**20.     Defendant AP admits the allegations of Paragraph 20 of the Amended Complaint.**

21.     By signing the Agreement in May 2022, Ms. Faren terminated her employment at ZOS.

**21.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint; and, therefore those allegations are denied.**

22.     On May 27, 2022, AP sent Ms. Faren a notice containing a summary of her COBRA rights, the terms of the group healthcare plan, and information on how to elect for continuation coverage.

**22.     Defendant AP denies the allegations of Paragraph 22 of the Amended Complaint as stated; however, Defendant AP admits that in a letter dated May 20, 2022, Defendant AP informed Plaintiff as to her COBRA election rights and provided Plaintiff with the COBRA Continuation Election Form.**

### Defendants' Denial of Health Coverage

23.     On May 31, 2022, Ms. Faren elected to continue coverage by enrolling online. She paid the first month's premium to AP.

**23.** Defendant AP admits the allegations of Paragraph 23 of the Amended Complaint.

24. However, the medical clinic that Ms. Faren had been planning her procedures with alerted her that her pre-authorizations had been canceled due to lack of coverage. According to the clinic, they needed active insurance information to restart the authorization process, which could take weeks. This would effectively reset the authorization process and potentially delay the procedures that Ms. Faren had planned to take place before the end of the summer.

**24.** Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint; and, therefore those allegations are denied.

25. BCBS and AP informed Ms. Faren that her insurance policy was canceled. Both directed her to contact her former employer's HR Department.

**25.** Defendant AP denies Paragraph 25 as it relates to Defendant AP. Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint as they relate to BCBS; and, therefore those allegations are denied.

26. On June 2, 2022, Ms. Faren reached out via email to Tracey Zerhusen ("Ms. Zerhusen"), HR Director at ZMI, to correct the problem with her insurance. Ms. Zerhusen responded by adding Michelle Cool ("Ms. Cool"), ZMI's Benefits Director, to the conversation.

**26.** Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint; and, therefore those allegations are denied.

27.     Ms. Cool sent an urgent message to CareFirst to see when their system would be updated and confirmed with her contacts that it was a "timing thing" with the file sent from AP to CareFirst.

**27.     Defendant AP denies Paragraph 27 as it relates to Defendant AP.  Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint as they relate to Ms. Cool and CareFirst; and, therefore those allegations are denied.**

28.     Ms. Cool stated that they were working to have Ms. Faren's insurance set up by close of business, and that it would be retroactive to June 1 so Ms. Faren would not have a gap in coverage.

**28.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint; and, therefore those allegations are denied.**

29.     Ms. Cool further confirmed from her CareFirst contact that they would reach out to the authorization team to see what could be done to reactivate any prior approved authorizations.

**29.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint; and, therefore those allegations are denied.**

30.     Ms. Faren's medical clinic tried to submit the authorizations again, but their system would not let them do that so long as Ms. Faren's insurance plan was inactive.

**30.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint; and, therefore those allegations are denied.**

31.     Because the errors were not corrected, Ms. Faren's ability to schedule and obtain her healthcare needs was interrupted.

**31.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint; and, therefore those allegations are denied.**

32.     On June 3, 2022, Ms. Faren sent an email to Ms. Zerhusen expressing how she could not get her medication refilled before a planned trip because the insurance information was not up to date, notwithstanding the fact that Ms. Faren paid her insurance premiums.

**32.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint; and, therefore those allegations are denied.**

33.     Ms. Zerhusen responded that ZeniMax had "done all that it was supposed to" so that her benefits would be continued through COBRA, and that the issue was "outside of the Company's control." She attached a letter to the email confirming Ms. Faren's COBRA coverage.

**33.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint; and, therefore those allegations are denied.**

34.     In June, while waiting for her insurance to become active again, Ms. Faren was forced to pay out-of-pocket for medically necessary prescription drugs.

**34.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint; and, therefore those allegations are denied.**

35.     In mid-June, Ms. Faren confirmed with BSBC that she was still covered under ZMI's group plan and scheduled her surgeries to take place in July.

**35.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint; and, therefore those allegations are denied.**

36.     Ms. Faren's medical clinic was sympathetic to her situation and expedited the process to get her procedures re-authorized through her insurance so that she would not have to reschedule her surgeries.

**36.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 36 of the Amended Complaint; and, therefore those allegations are denied.**

37.     However, it was only when she received her medical bills that Ms. Faren learned that she was not covered for her July surgeries.  Specifically, the charges on the bill were labeled as "Expenses incurred after coverage terminated."

**37.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 37 of the Amended Complaint; and, therefore those allegations are denied.**

38.     Other than the aforementioned medical bills, Ms. Faren received no other notice that her health coverage was retroactively terminated.

**38.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint; and, therefore those allegations are denied.**

39.     Ms. Faren did not receive a benefit denial letter when BCBS reversed the previously approved charges.  Therefore, she was not put on notice of any obligation to file an administrative appeal or notice of her rights under ERISA and COBRA.

**39.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint; and, therefore those allegations are denied.**

40.     Ms. Faren continued to be without health insurance until September 25, 2022, when she started her new job, resulting in high priced prescription drug payments, as well as physician and hospital bills, many of which she was not aware of for months following services.

**40.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 40 of the Amended Complaint; and, therefore those allegations are denied.**

41.     Ultimately, Ms. Faren's coverage under the group healthcare plan was no longer effective after June 1, 2022.

**41.     Defendant AP denies the allegations of Paragraph 41 of the Amended Complaint.**

42.     Neither ZeniMax nor AP sought to rectify the situation after June 3, 2022.

**42.     Defendant AP denies Paragraph 42 as it relates to Defendant AP.  Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 42 of the Amended Complaint as they relate to Defendant ZeniMax; and, therefore those allegations are denied.**

43.     Since neither ZOS or it vendor, BCBS followed through with providing the required notice of the appeal process or Ms. Faren's rights, commencing this action to remedy the situation is consistent with ERISA's regulatory requirements and controlling case law in this jurisdiction.

**43.     Paragraph 43 of the Amended Complaint is a legal conclusion to which no response is necessary but to the extent a response is required, Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 43 of the Amended Complaint; and, therefore those allegations are denied.**

44.     Ms. Faren has been damaged in that she was deprived of her right to health benefits starting June 2, 2022 because of Defendants' conduct, and she has been forced to pay for medically necessary expenses out-of-pocket.

**44.     Defendant AP denies Paragraph 44 as it relates to Defendant AP.  Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 44 of the Amended Complaint as they relate to Ms. Faren and Defendant ZeniMax; and, therefore those allegations are denied.**

<u>**COUNT I**</u>
<u>**ERISA § 510 (Interference)**</u>

45.     All allegations contained in the foregoing paragraphs of this Amended Complaint are incorporated by reference herein as if the same were set forth at length.

**45.     Defendant AP incorporates by reference all of its preceding responses to the allegations in the above preceding paragraphs as though they were set forth here in response to Paragraph 45 of the Amended Complaint.**

46.     Section 510 of ERISA, 29 U.S.C. § 1140, makes it unlawful for any person to interfere with the attainment of any right to which the participant may become entitled under the employee benefit plan or under ERISA.

**46.**     Paragraph 46 of the Amended Complaint is a legal conclusion to which no response is necessary but to the extent a response is required, Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 46 of the Amended Complaint; and, therefore those allegations are denied.

47.     Knowing that Ms. Faren needed health coverage to cover necessary medical expenses, and to dispose of what they saw as a "liability," ZeniMax induced Ms. Faren to accept the Agreement by offering an employer subsidy to partially cover the cost of her premiums.

**47.**     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 47 of the Amended Complaint; and, therefore those allegations are denied.

48.     Because Ms. Faren reached out to Defendants in June 2022 informing them of her lapse of coverage, Defendants had actual knowledge that Ms. Faren was without insurance.

**48.**     Defendant AP denies Paragraph 48 as it relates to Defendant AP.  Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 48 of the Amended Complaint as they relate to Defendant ZeniMax; and, therefore those allegations are denied.

49.     The discrimination based on gender identity and expression that Ms. Faren experienced while employed at ZOS gives rise to an inference that ZOS had a discriminatory motive to interfere with Ms. Faren's ERISA rights by retroactively canceling her insurance.

**49.**     Paragraph 49 of the Amended Complaint is a legal conclusion to which no response is necessary but to the extent a response is required, Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 49 of the Amended Complaint; and, therefore those allegations are denied.

50.     Furthermore, the close temporal proximity of Ms. Faren's exercise of her ERISA rights and the subsequent and repeated retroactive cancellations of her health coverage give rise to an inference of Defendants' motive to interfere with her ERISA rights.

**50.     Paragraph 50 of the Amended Complaint is a legal conclusion to which no response is necessary but to the extent a response is required, Defendant AP denies Paragraph 50 as it relates to Defendant AP.  Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 50 of the Amended Complaint as they relate to Ms. Faren and Defendant ZeniMax; and, therefore those allegations are denied.**

51.     To avoid bearing the cost of her medical expenses, and in particular, those procedures relating to her transition, Defendants illegally and intentionally interfered with Ms. Faren's right to obtain health benefits by failing to provide her with continuation coverage, or by canceling her coverage altogether, in violation of ERISA § 510.

**51.     Paragraph 51 of the Amended Complaint is a legal conclusion to which no response is necessary but to the extent a response is required, Defendant AP denies Paragraph 51 as it relates to Defendant AP.  Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 51 of the Amended Complaint as they relate to Defendant ZeniMax; and, therefore those allegations are denied.**

**COUNT II**
**ERISA § 510 (Retaliation)**

52.     All allegations contained in the foregoing paragraphs of this Amended Complaint are incorporated by reference herein as if the same were set forth at length.

**52.     Defendant AP incorporates by reference all of its preceding responses to the allegations in the above preceding paragraphs as though they were set forth here in response to Paragraph 52 of the Amended Complaint.**

53.     Section 510 of ERISA makes it unlawful for any person to discriminate or otherwise take adverse employment actions against a participant because of the participant's exercise of rights under the provisions of the employee benefit plan or under ERISA.

**53.     Paragraph 53 of the Amended Complaint is a legal conclusion to which no response is necessary but to the extent a response is required, Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 53 of the Amended Complaint; and, therefore those allegations are denied.**

54.     Ms. Faren exercised and/or attempted to exercise her rights under the group welfare plan by seeking continuation coverage provided to former employees under COBRA and pursuant to the terms of the Agreement.

**54.     Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 54 of the Amended Complaint; and, therefore those allegations are denied.**

55.     As described previously, Defendants acted with discriminatory motive when it took adverse action against Ms. Faren retroactively canceling her insurance because of her exercise of rights under ERISA, violating ERISA § 510.

**55.     Paragraph 55 of the Amended Complaint is a legal conclusion to which no response is necessary but to the extent a response is required, Defendant AP denies Paragraph 55 as it relates to Defendant AP.  Defendant AP lacks sufficient information or**

knowledge to form a belief as to the truth of the allegations in Paragraph 55 of the Amended **Complaint as they relate to Defendant ZeniMax; and, therefore those allegations are denied.**

**COUNT III**
**ERISA § 601 (COBRA)**

56.     All allegations contained in the foregoing paragraphs of this Amended Complaint are incorporated by reference herein as if the same were set forth at length.

**56.     Defendant AP incorporates by reference all of its preceding responses to the allegations in the above preceding paragraphs as though they were set forth here in response to Paragraph 56 of the Amended Complaint.**

57.     Under COBRA, Ms. Faren's health insurance coverage should have remained in effect for a period of eighteen (18) months or until November 30, 2023.

**57.     Paragraph 57 of the Amended Complaint is a legal conclusion to which no response is necessary but to the extent a response is required, Defendant AP denies the allegations of Paragraph 57.**

58.     Ms. Faren received no notice from Defendants or BCBS informing her of the denial of her claims or her right to appeal the denials.

**58.     Defendant AP denies Paragraph 58 as it relates to Defendant AP.  Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 58 of the Amended Complaint as they relate to Defendant ZeniMax; and, therefore those allegations are denied.**

59.     Defendants unilaterally, without cause or justification, failed to provide continuation of coverage to Ms. Faren in violation of COBRA, ERISA § 601, 29 U.S.C. § 1161(a).

**59.     Defendant AP denies Paragraph 59 as it relates to Defendant AP.  Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations**

**in Paragraph 59 of the Amended Complaint as they relate to Defendant ZeniMax; and, therefore those allegations are denied.**

60. Defendants have failed to fulfill their obligations under the group healthcare plan and have violated the applicable provisions of COBRA.

**60. Defendant AP denies Paragraph 60 as it relates to Defendant AP. Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 60 of the Amended Complaint as they relate to Defendant ZeniMax; and, therefore those allegations are denied.**

<u>COUNT IV</u>
<u>Breach of Fiduciary Duty</u>

61. All allegations contained in the foregoing paragraphs of this Amended Complaint are incorporated by reference herein as if the same were set forth at length.

**61. Defendant AP incorporates by reference all of its preceding responses to the allegations in the above preceding paragraphs as though they were set forth here in response to Paragraph 61 of the Amended Complaint.**

62. Defendants owed Ms. Faren the duties of a fiduciary pursuant to ERISA § 404, 29 U.S.C. § 1104.

**62. Paragraph 62 of the Amended Complaint is a legal conclusion to which no response is necessary but to the extent a response is required, Defendant AP denies Paragraph 62 as it relates to Defendant AP. Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 62 of the Amended Complaint as they relate to Defendant ZeniMax; and, therefore those allegations are denied.**

63. Knowing that Ms. Faren needed healthcare coverage for her ongoing medical procedures, ZOS acted as a fiduciary when it presented the Agreement to Ms. Faren under the threat of a PIP.

**63. Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 63 of the Amended Complaint; and, therefore those allegations are denied.**

64. Furthermore, ZOS acted as a fiduciary when, by sending her a letter confirming that her insurance was active, it represented to Ms. Faren that she was covered when she was not.

**64. Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint; and, therefore those allegations are denied.**

65. Ms. Faren reasonably relied on ZOS's June 3, 2022 letter representing that she was covered, and subsequently incurred medical expenses.

**65. Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 65 of the Amended Complaint; and, therefore those allegations are denied.**

66. Ms. Faren reasonably relied on ZOS's representations when she signed the Agreement. She would not have signed the Agreement if she had known that both ZOS and AP did not intend to honor the terms of the Agreement.

**66. Defendant AP denies Paragraph 66 as it relates to Defendant AP. Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 66 of the Amended Complaint as they relate to Ms. Faren and Defendant ZeniMax; and, therefore those allegations are denied.**

67.     As plan administrator, AP also owed fiduciary duties to Ms. Faren.

**67.     Defendant AP denies the allegations of Paragraph 67 of the Amended Complaint.**

68.     Furthermore, Ms. Faren made both Defendants aware of her lack of insurance coverage when she reached out to them in June 2022.

**68.     Defendant AP denies Paragraph 68 as it relates to Defendant AP. Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 68 of the Amended Complaint as they relate to Ms. Faren and Defendant ZeniMax; and, therefore those allegations are denied.**

69.     Defendants continued to be aware of Ms. Faren's lapse in coverage when Defendants retroactively terminated her insurance, resulting in the improper denial of her claims.

**69.     Defendant AP denies Paragraph 69 as it relates to Defendant AP. Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 69 of the Amended Complaint as they relate to Defendant ZeniMax; and, therefore those allegations are denied.**

70.     In sum, Defendants breached their fiduciary duties to Ms. Faren in that they:

     (a)     took Ms. Faren's premium payment;

     (b)     failed to provide continuation coverage as prescribed by COBRA;

     (c)     failed to make reasonable efforts to remedy her situation;

     (d)     misrepresented to her that they would uphold the terms of the Agreement;

     (e)     failed to disclose that her insurance had been canceled; and

     (f)     failed to disclose that ZOS had canceled her insurance coverage.

70.     Defendant AP denies Paragraph 70 as it relates to Defendant AP.  Defendant AP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 70 of the Amended Complaint as they relate to Defendant ZeniMax; and, therefore those allegations are denied.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of judgment by the Court:

(i) awarding actual and consequential damages as may be proven, including out of pocket costs resulting from the discontinuance of her health care coverage;

(ii) entering injunctive relief directing Defendants to reinstate Plaintiff as a participant the group healthcare plan until the end of the 18-month period for continuation coverage under COBRA, in accordance with the Agreement;

(iii) ordering that Plaintiff is entitled to the equitable remedy of surcharge;

(iv) awarding attorneys' fees and costs to Plaintiff, pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

(v) granting such other and further relief as this Court may deem just and proper.

## PRAYER FOR RELIEF

Defendant AP denies that Plaintiff is entitled to any of the relief requested by the unnumbered paragraph entitled "Prayer for Relief" from Defendant AP, including any award of actual or consequential damages, out of pocket costs resulting from the discontinuance of her health care coverage, injunctive relief, the equitable remedy of surcharge, attorneys' fees and costs, and any other relief.  Defendant AP respectfully requests the Court deny all relief requested by Plaintiff.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO THE CLAIMS OF BREACH OF**

**FIDUCIARY DUTY AND VIOLATION OF ERISA SECTION 510**

**Plaintiff's jury demand at the conclusion of the Amended Complaint is a legal conclusion to which no response is necessary but to the extent a response is required, Defendant AP denies that Plaintiff is entitled to a trial by jury.**

**AFFIRMATIVE DEFENSES**

Defendant AP asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action, as well as to the entire Amended Complaint. Defendant AP does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense.

1.      The Amended Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff failed to meet conditions precedent applicable to the claims asserted in the Amended Complaint.

3.      Plaintiff's claims are preempted by the provisions set forth in the Employee Retirement Income Security Act of 1974 ("ERISA").

4.      Plaintiff has failed to exhaust, or allege the exhaustion of, administrative remedies as required by ERISA.

5.      Plaintiff's remedies, if any, are limited to the remedies available under ERISA. Extra-contractual, punitive, and/or consequential damages are not available under ERISA, and any claims for extra-contractual damages, punitive, and/or consequential damages should be stricken.

6.     Defendant AP asserts any and all defenses available to it under ERISA, including the specific terms and provisions of the Plan and the subject insurance policies/certificates of insurance applicable to the Plan.

7.     Plaintiff's claims are limited to the highly deferential standard of judicial review on the issue of whether the plan administrator acted "arbitrarily and capriciously".

8.     Plaintiff's damages, if any, are the result of acts or omissions of a third party, a party beyond the control of Defendant AP.

9.     Plaintiffs' claims are barred and/or reduced by the doctrine of non-party fault; and Defendant AP identifies CareFirst of Maryland, Inc. and Group Hospitalization and Medical Services, Inc. d/b/a CareFirst BlueCross BlueShield as non-parties at fault in this action.

10.    Plaintiff's cause of action against Defendant AP is limited to appropriate equitable relief, and not legal relief, for damages.

11.    Defendant AP acted at all times in good faith and had reasonable grounds for believing that its acts and/or omission did not violate any ERISA provisions.

12.    Defendant AP sent to Plaintiff all appropriate notices regarding her COBRA rights.

13.    Plaintiffs' claims are barred and/or limited for failure to join an indispensable party.

14.    Plaintiff failed to exhaust her administrative remedies.

15.    Defendant AP denies that any of its actions were made for unlawful or retaliatory reasons.

16.    Defendant AP denies any violation of any law stated by Plaintiff.

17.    Plaintiff's claims are not proper against Defendant AP, which did not administer the plan at issue in the Amended Complaint.

18.    Plaintiff's claims, in whole or in part, are barred by Plaintiff's own negligence.

19.     Plaintiff, upon information and belief, has failed to mitigate her damages.

20.     To the extent any mitigation occurred, Defendant AP is entitled to a set off.

21.     Plaintiff may not recover any damages for which benefits have been paid or are available from any collateral sources.

22.     Plaintiff is not entitled to liquidated or punitive damages, any alleged consequential or economic damages, reinstatement of COBRA benefits, equitable relief, and/or attorneys' fees and costs under the applicable statutes.

23.     Plaintiff is barred from recovery under the doctrine of unclean hands.

24.     Plaintiff is barred from recovery under the doctrine of equitable estoppel.

25.     Plaintiff is estopped from pursuing the claims set forth in the Amended Complaint by reason of her own acts, omissions, and course of conduct, including, but not limited to, her failure to pay her insurance premiums.

26.     Plaintiff is not entitled to costs and attorney fees from Defendant AP.

27.     Defendant AP reserves the right to add additional defenses as discovery progresses.

Having fully answered, Defendant AP respectfully requests that Plaintiff's Amended Complaint be dismissed against Defendant AP; and that Defendant AP be awarded its costs and attorneys' fees, as well as such other and further relief as deemed just and equitable.

Respectfully submitted,

*/s/ Patrick Wilson*
Patrick Wilson, D. Md. No. 21592
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC  20006
Tel.    (202) 887-0855
Fax.    (202) 887-0866
Email:  Patrick.wilson@ogletreedeakins.com

*Counsel for Defendant AP Benefit Advisors, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2023 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Denise M. Clark
Clark Law Group, PLLC
1100 Connecticut Avenue, N.W., Suite 920
Washington, D.C. 20036
dmclark@benefitcounsel.com

Respectfully submitted,

*/s/ Patrick Wilson*
Patrick Wilson