

**STEPHANIE K. BARON**
(410) 385-3463
sbaron@milesstockbridge.com

September 21, 2023

**VIA ECF FILING**

Matthew J. Maddox, Magistrate Judge
U.S. District Court for the District of Maryland
101 West Lombard Street
Chambers 3B
Baltimore, MD 21201

      RE:    Leona Faren v. ZeniMax Online Studios LLC, et al.
                Case No. 1:23-cv-01270-MJM

Dear Judge Maddox:

      I am writing to bring to the Court's attention supplemental authority in support of the arguments raised in Defendant ZeniMax Online Studio LLC's ("ZOS") pending Motion to Dismiss.

      On September 12, 2023, after Defendant filed its Motion to Dismiss, the Fourth Circuit Court of Appeals issued the enclosed Memorandum Opinion in *Rose v. PSA Airlines, Inc.*, No. 21-2207, 2023 WL 5839282 (4th Cir. Sept. 12, 2023). As explained in Defendant's brief, Plaintiff Leona Faren ("Ms. Faren" or "Plaintiff") has failed to state a claim under Counts III and IV for numerous reasons. Even if she had, however, this case makes clear that she would not be entitled to any damages now that she has been paid all benefits due under the terms of the Plan.

      The Court's decision addressed two provisions of ERISA, 502(a)(1)(b) and 502(a)(3).[1] The Court found that under 502(a)(1)(b), a plaintiff is not entitled to monetary damages for the cost of a benefit that was not provided, as 502(a)(1)(b) speaks only of "*enforcing* the terms of the plan, not *changing* them." *Rose*, 2023 WL 5839282 at *3. Thus, the sole relief available to a plaintiff is benefits due under the Plan or an injunction that would require enforcement of the terms of the Plan.

      Further, under 502(a)(3), the Court determined that a plaintiff could only be eligible for monetary relief if such relief was "typically available in equity," a standard that excludes equitable surcharge. *Id.* at *8, declining to follow dicta in *CIGNA Corp. v. Amara*, 563 U.S. 421, 131 S.Ct. 1866, 179 L.Ed.2d 843 (2011) in light of *Montanile v. Bd. Of Trs.*, 577 U.S. 136, 142 (2016). In

---

[1] While Ms. Faren did not specifically plead of a cause of action under either statute, 502(a)(1)(b) and 502(a)(3) are the only statutes under which Ms. Faren could potentially bring suit in Counts III and IV, as 502(a)(2) is not available to remedy individual injury.

Hon. Matthew J. Maddox
September 21, 2023
Page 2

Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF 37) at 20-21, Plaintiff specifically argued using the now-rejected dicta from *Amara* and the (now overruled) Fourth Circuit decision *McCravy v. Metro Life Ins. Co.*, 690 F.3d 176 (4th Cir. 2012), that she could be entitled to monetary compensation, including actual and consequential damages and any other damages that would "make [her] whole." However, *Rose* clarifies that a plaintiff may only be entitled to monetary damages if the plaintiff could "point to specific funds that he rightfully owned but that the defendant possessed as a result of unjust enrichment." *Rose*, 2023 WL 5839282, at *8. Plaintiff alleges no facts to suggest that she would be entitled to any such funds.

    *Rose* makes clear that Plaintiff's arguments related to potential outstanding damages are without merit. As such, since Plaintiff has received all benefits due under the terms of the Plan, the only remaining (and continuously accruing) alleged damages are her attorneys' fees.

    Thank you for your attention to this matter.

    Respectfully submitted,

    /s/

    Stephanie K. Baron
    Attorney for ZeniMax Online Studios LLC

Attachment

cc:   Counsel of Record (via ECF)